IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SUSIE ALLEN,** | CV 04-1460-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **BRENDA ROCKLIN,** | |
| Defendant. | |

**WILLIAM N. LATER**
Steenson, Schumann, Tewksbury, Creighton & Rose, P.C.
815 S.W. Second Avenue
Suite 500
Portland, OR  97204
(503) 221-1792

    Attorneys for Plaintiff

**HARDY MYERS**
Attorney General
**MARC ABRAMS**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Brenda Rocklin's Motion for Summary Judgment (#17). For the reasons that follow, the Court **GRANTS** Rocklin's Motion.

## BACKGROUND

Plaintiff Susie Allen was an employee of SAIF. In October 2002, Plaintiff underwent surgery related to her diabetes. Plaintiff applied for and SAIF granted Plaintiff medical leave, which ended January 17, 2003. After her medical leave ended, Plaintiff returned to work in her position as a collections billing representative for SAIF.

On January 27, 2003, Plaintiff was scheduled for a second surgery on an emergency basis. On February 19, 2003, SAIF granted Plaintiff's request for personal leave until May 10, 2003. In the letter granting Plaintiff's request, Marcia F. Vargas, a SAIF benefits administrator, noted Plaintiff already had exhausted her medical leave available under the Family Medical Leave Act and the Oregon Family Leave Act. Accordingly, SAIF allowed Plaintiff to take a "personal leave of absence for medical reasons." Baker Aff., Ex. B. Vargas noted, "SAIF will make every effort to reinstate you to the same position (if vacant) . . . . If your former position is not available, SAIF will attempt to reinstate you to an available, similar position."

2 - OPINION AND ORDER

Baker Aff., Ex. B.

On April 16, 2003, Plaintiff's supervisor orally advised Plaintiff that her position had been eliminated. On April 17, 2003, Plaintiff went to the SAIF website and found SAIF had a collections billing representative position open. The application time for the position closed on April 24, 2003. Plaintiff did not apply for this position.

On April 25, 2003, Plaintiff provided SAIF with her doctor's back-to-work release. In a letter dated April 29, 2003, Yvette Baker, a SAIF Employment and Employee Relations Manager, informed Plaintiff that her position had been eliminated after an "extensive analysis of work processes" and a determination that "the WCIS software release will streamline a number of the current work processes." Baker advised Plaintiff that she could apply for "any open position for which you are qualified" and that "[a]nother collection position is currently available." Plaintiff did not apply for any other positions at SAIF.

On October 7, 2004, Plaintiff filed a Complaint in this Court in which she alleged SAIF and Brenda Rocklin, interim President and Chief Executive Officer (CEO) of SAIF, violated Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a)(5); the Rehabilitation Act; and the federal Family and Medical Leave Act (FMLA). Plaintiff also alleged SAIF wrongfully discharged her.

3 - OPINION AND ORDER

Defendants moved to dismiss each of Plaintiff's claims for failure to state a claim except the one in which Plaintiff sought prospective injunctive relief against Defendant Rocklin for violating Plaintiff's rights under the ADA. On March 29, 2005, the Court granted Defendants' Motion and gave Plaintiff leave to file a Second Amended Complaint consistent with the Court's Opinion and Order.

On May 12, 2005, Plaintiff filed a Second Amended Complaint against Rocklin only in which Plaintiff alleged Rocklin discriminated and retaliated against Plaintiff in violation of the ADA because Plaintiff took leave from her job. Plaintiff seeks only prospective injunctive relief in the form of an order reinstating Plaintiff to her former position.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

### DISCUSSION

Plaintiff alleges Rocklin, as interim President and CEO of SAIF, discriminated against Plaintiff when SAIF terminated Plaintiff's employment in violation of Title I of the ADA. Rocklin contends Plaintiff has not made out a *prima facie* case

5 - OPINION AND ORDER

that Rocklin discriminated against Plaintiff nor has Plaintiff carried her burden of proof.

Title I of the ADA prohibits states and other employers from "discriminating against a qualified individual with a disability because of that disability . . . in regard to . . . terms, conditions and privileges of employment." To state a *prima facie* case under the ADA, Plaintiff "must prove that [s]he is a qualified individual with a disability who suffered an adverse employment action *because of* his disability." *See Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1353 (9th Cir. 1996)(emphasis added). "As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . [s]he has been the victim of illegal discrimination based on [her] disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Rocklin does not dispute Plaintiff is a qualified individual with a disability. Rocklin, however, asserts Plaintiff has not shown she was terminated because of her disability rather than because SAIF downsized. Rocklin notes Plaintiff conceded in her deposition that she did not know the basis for the decision to terminate her was "[o]ther than what I was told . . . that because of the WCIS computer system and the advancements, it appeared [SAIF] would only need three collectors to handle the

collections and not four." Pl.'s Dep. at 47-48. Plaintiff further conceded SAIF did not provide her with any guarantee that her position would be available when she returned from personal leave. Pl.'s Dep. at 34. In addition, Plaintiff stated no one at SAIF had ever made any derogatory comments about Plaintiff's "diabetes or [her] disease." Pl.'s Dep. at 55. Finally, Plaintiff acknowledged she took at least ten medical leaves of two or three months at a time while she was an employee of SAIF, and SAIF never turned down Plaintiff's request for leave or took any adverse employment action against Plaintiff before April 2003. Pl.'s Dep. at 22.

Plaintiff, nonetheless, argues she was terminated for taking personal leave. Plaintiff, however, has not produced any evidence to support that theory. Instead, Plaintiff relies primarily on the temporal proximity of her personal leave to her termination to refute Rocklin's contention that Plaintiff's causation theory is speculative.

In *Coszalter v. City of Salem*, the Ninth Circuit cautioned "a specified time period cannot be a mechanically applied criterion. A rule that any period over a certain time is *per se* too long (or, conversely, a rule that any period under a certain time is *per se* short enough) would be unrealistically simplistic." 320 F.3d 968, 977-78 (9th Cir. 2003). In any event, the Supreme Court has held temporal proximity must be very

7 - OPINION AND ORDER

close to establish a *prima facie* case of discrimination. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)(citing *O'Neal v. Fergueson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)). It is, therefore, unclear whether a three-month period between taking personal leave and termination of employment without more evidence of discrimination is sufficient in the Ninth Circuit to establish a *prima facie* case of disability discrimination.

Even assuming, without deciding, that a three-month proximity is sufficient to support a *prima facie* case, the Court finds Plaintiff, nonetheless, has not provided any evidence to rebut Rocklin's legitimate, nondiscriminatory reason for terminating Plaintiff. *See Corpuz v. Sec'y, Dep't of Health and Human Serv.*, No. CIV. 97-1663-ST, 1999 WL 562693, at *6 (D. Or. July 30, 1999)(If the defendant presents a legitimate, nondiscriminatory reason for her actions, the presumption raised by the *prima facie* case is rebutted and the burden shifts to the plaintiff to show the defendant's reason "is a pretext for another motive which is discriminatory.")(citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). Plaintiff's mere subjective belief that she was terminated for taking personal leave is insufficient to show there is a fact question concerning whether the reason given for Plaintiff's termination is pretext for a discriminatory motive. Thus, Plaintiff's subjective belief

is insufficient to defeat a motion for summary judgment. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081 (9th Cir.1996)("Mere allegation and speculation" is insufficient to establish a causal connection). *See also Forsberg v. Pacific Northwest Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988)(purely conclusory allegations of alleged discrimination will not bar summary judgment).

Accordingly, the Court grants Rocklin's Motion for Summary Judgment.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant Rocklin's Motion for Summary Judgment (#17).

IT IS SO ORDERED.

DATED this 5th day of December, 2005.

/s/ Anna J. Brown

---
ANNA J. BROWN
United States District Judge